[PHILADELPHIA, JANUARY, 1830.]

ENTERS *against* PERES and another, Executors of PERES.

### IN ERROR.

In an action on a bond, accompanied by a mortgage, a subsequent mortgagee is a competent witness for the defendant.
*Aliter*, where suit is brought upon the mortgage.

In the District Court for the city and county of *Philadelphia*, from which the record of this case was returned on a writ of error, the defendants in error, who were plaintiffs below, brought an action on a bond, given to their testator by *Lewis Enters*, the plaintiff in error, dated the 8th of *October*, 1813, conditioned for the payment of two thousand two hundred and sixty-six dollars and sixty-seven cents. The plaintiffs also gave in evidence a mortgage, bearing the same date as the bond, and given to secure its payment.

The defendant called, as a witness, *Andrew Busch*, who having been sworn on his *voir dire*, at the request of the plaintiffs' counsel, declared as follows:—"I hold a bond and mortgage of *Lewis Enters*, on the same property, which is covered by the mortgage of the plaintiffs' testator. Mine is the younger and unsatisfied. It is for two thousand four hundred dollars. There are three hundred dollars interest on it. I think the property mortgaged worth between five and six thousand dollars."

The plaintiffs' counsel objected to the admission of the witness, and the court sustained the objection.

The rejection of the witness was now assigned for error by *S. Levy*, who contended, that the witness had no fixed interest in the result of the suit. His evidence did not go to enlarge or create a fund, out of which he was to be paid, except in the event of contingencies, which the court would not regard. He cited, 1 *Phill. Ev.* 38. *Miles* v. *O'Hara*, 1 *Serg. & Rawle*, 36. *Hayes* v. *Grier*, 4 *Binn.* 83. *Phœnix* v. *The Assignees of Ingraham*, 5 *Johns. Rep.* 427.

*Stroud, contra*, referred to 1 *Phill. Ev.* 52. 1 *Caines's Rep.* 364. 13 *Mass. Rep.* 391. *Youst* v. *Martin*, 3 *Serg. & Rawle.* 427. 2 *Dall.* 51.

PER CURIAM.—Had the suit been on the mortgage, the witness and the plaintiff having concurrent interests in the land, would have had direct and conflicting interests in the event of the contest, which would have rendered the former incompetent. The action is, however, on the bond, and although the mortgaged premises may *possibly* be levied under the judgment, that is by no means a necessary consequence, the personal estate of the defendant being equally

(Enters *v.* Peres and another, Executors of Peres.)

liable; so that the interest of the witness depending on the contingency of the fund for payment of his debt, being taken away by a superior lien, affected his credibility, but not his competency.

Judgment reversed, and a *venire facias de novo* awarded.